January 13, 2021

The Honorable Yvonne Gonzalez Rogers
United States District Court
Northern District of California
1301 Clay Street, Courtroom 1, 4th Floor
Oakland, CA 94612

        Re:    *Estate of David Ward,* Case No. 4:20-cv-03400 YGR
                  Joint Discovery Dispute Letter

Dear Judge Gonzalez Rogers:

      The parties submit this Joint Discovery Letter to address two issues they have been unable to resolve: 1) whether the confidentiality designation of the released grand jury materials should be lifted; and 2) whether Defendant Sheriff Mark Essick may be deposed at this point in the case.

      The parties met and conferred via videoconference on January 8, 2021, but were unable to reach an agreement regarding these two matters.

### Confidentiality of the Grand Jury Transcript

      **1. Position of Plaintiff:**

      On December 19, 2020, this Court issued its Order directing Defendant Blount to produce the complete transcript of the grand jury proceedings in the case of *People of the State of California v. Charles Blount* to Plaintiffs no later than December 30. (Doc. 24). These materials were ordered produced subject to the stipulated protective order (Doc. 23).

      On the morning of December 22, 2020, Counsel for Blount requested a stipulation to modify the Court's Order and extend the time for production to January 8, 2021. Plaintiffs declined to stipulate.

      Later the same day, the Superior Court denied Defendant Blount's request to seal the grand jury materials, making them public record pursuant to Cal. Pen. Code § 938.1(b). Aware of this fact, counsel for Blount nonetheless designated the entire transcript confidential and subject to the protective order, this despite Plaintiff Counsel's objection to it being so designated.

      On December 23, 2020, Plaintiff's Counsel circulated a proposed stipulated order to remove the confidentiality designation. He received no response from any defense counsel.

On January 4, 2021, Counsel for Defendant Bauer responded that he was objecting to the removal of the confidentiality designation, despite the fact that the transcript was now a matter of public record. He offered instead to agree to the removal of the designation only if the parties and their counsel agreed not to disclose or discuss the materials subject to sanctions. Counsel for Blount agreed with Bauer's position, as did Counsel for the County and Defendants Essick and Little.

### 2. Position of Defendant Bauer:

Defendant Bauer objects to removing the confidentiality in our litigation because of serious concerns a party to the civil case using select portions of testimony to further their interests in the media. To do so without context to the testimony, that will only come through a full hearing in trial of the facts, will bias potential jurors against my client.

The criminal grand jury proceedings are now open for the public and press to review and draw their own conclusions. But Bauer is not a criminal defendant. If the transcript is used to advantage of a party by counsel through comments to the press or by press release, it deprives other parties of a fair hearing before unbiased jurors. To be clear the request to keep the transcript confidential for purposes of the civil trial is not a request for a gag order, only that the transcript remain confidential to the litigation.

### 3. Position of Defendant Blount:

Defendant Blount timely produced the grand jury transcript with the confidentiality designation as ordered by the Court. After the Sonoma County Superior Court declined to extend the seal placed on the records and as a reasonable balance of the competing interests in this litigation, Defendant Blount requested Plaintiff agree to maintain the confidentiality designation through the pending mediation, to be revisited as part of the Case Management Conference scheduled for March 15, 2021 if the case did not settle. Plaintiff declined, and insisted the designation be withdrawn. Defendant Blount cannot withdraw a designation made by the Court. Defendant Blount concurs with the comments of Defendant Bauer's counsel and has no objection keeping the grand jury transcript confidential in the civil case to protect against a biased jury pool.

### 4. Position of County of Sonoma Defendants:

Defendants County of Sonoma, Sheriff Essick and Dep. Little agree with the other Defendants that the confidential designation of the grand jury should remain in this case at this point to prevent from its selective use in the press or public domain to bias potential jurors against any of the Defendants or entities involved herein.

## Deposition of Defendant Mark Essick

### 1. Plaintiff's Position:

In this Court's Order of December 19, a limited stay of discovery was granted as to all defendants except Sheriff Mark Essick and the County of Sonoma. On December 22, 2020,

Plaintiffs' counsel and Mr. Blechman met and conferred by videoconference and discussed the issue of scheduling Defendant Essick's deposition in advance of the March 2, 2021 settlement conference. Mr. Blechman was not inclined to produce Mr. Essick for deposition but stated that he would let Plaintiffs know for sure by the following week. On January 3, 2021, Plaintiffs' counsel requested from Mr. Blechman a final answer as to whether Essick would appear for his deposition, adding that "If you are not going to produce Sheriff Essick without a court order, please let me know now so that I can notice the deposition for the near future and we can have the court sort this out without further delay."

On January 4, 2021, Mr. Blechman confirmed that he would not produce Defendant Essick without an Order from this Court, citing the "Apex" doctrine, this notwithstanding the fact that Sheriff Essick is a named defendant, the Complaint specifically alleges he had unique knowledge pertaining to these events, that no motion to dismiss was filed on his behalf, and that this Court's Order staying discovery for the individual defendants *specifically excluded* Essick.

Shortly after receiving Mr. Belchman's response, Plaintiffs noticed the deposition of Sheriff Essick for the placeholder date of January 21, 2021 and scheduled the January 8 meet and confer. During the meet and confer process, Plaintiffs confirmed that the deposition would not actually proceed on January 21, but would be re-noticed in accordance with the local rules following resolution of the discovery dispute.

Of note, on December 14, 2020, the County served interrogatories and requests for documents on Plaintiffs specifically requesting discovery related to Plaintiffs' *Monell* claims. Plaintiffs requested an extension to respond but were denied that request on the basis that the County needed the information quickly in order to be ready for the March 2nd settlement conference. Now the County seeks to block Plaintiffs from engaging in discovery designed to explore these same *Monell* claims. Since Essick is the final decision maker for the County relevant to Plaintiffs' *Monell* claims, he is inextricably related to those claims, and blocking his deposition prevents Plaintiffs' from adequately developing these claims in advance of the settlement conference.

**2. Defendants County and Sheriff Essick's Position:**

Defendants (County of Sonoma and Sheriff Essick) are objecting to the deposition of Sheriff Essick at this point in time since he is an apex deponent, has no first hand knowledge of the arrest incident with Mr. Ward and it is burdensome for the Sheriff to sit for a deposition at this time. Defendants have litigated this issue and prevailed in the Northern District on several matters. *Ward v. County of Mendocino*, 4:17-cv-00911 PJH (Judge Ryu granted protective order request for Sheriff Allman's deposition (ECF 189)); *Anderson v. County of Contra Costa*, 3:15-cv-01673 RS, 2017 U.S. Dist. LEXIS 34161 *9-10, 2017 WL 930315 (N.D. Cal. Mar. 9, 2017) (Judge James found that the sheriff was "an apex employee or high-ranking official, to whom the apex doctrine applies" and denying, without prejudice, the Plaintiff's attempt to depose him (ECF 63)).

District courts throughout California have determined that the position of a Sheriff is a high-ranking official to whom the apex doctrine applies. *Anderson*, surpa; *Estate of Levingston v. Cty. of Kern*, 320 F.R.D. 520, 526 (E.D. Cal. 2017); *Myles v. County of San Diego*, 2016 U.S. Dist. LEXIS 108662, 2016 WL 4366543, at *4 (S.D. Cal. 2016); *K.C.R. v. Cty. of L.A.*, 2014 U.S. Dist. LEXIS 98279, 2014 WL 3434257, at *6 (C.D. Cal. 2014) (collecting cases and concluding that "ample authority ... supports the proposition that a sheriff is a high-ranking government official entitled to protection"). The deposition of a high-level official or executive, an "apex" deposition, may be precluded by the Court under FRCP 26(c) where the discovery sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive." *Apple Inc. v. Samsung Electronics* Co., *Ltd*, 282 F.R.D. 259, 263 (N.D. Cal. 2012). Heads of government agencies, in particular, "are not normally subject to deposition," "absent extraordinary circumstances." *Estate of Levingston v. Cty. of Kern*, 320 F.R.D. 520, 525 (E.D. Cal. 2017), citing *Green v. Baca*, 226 F.R.D. 624, 648 (C D. Cal. 2005) (quoting *Kyle Eng. Co. v. Kleppe*, 600 F.2d 226, 231-32 (9th Cir. 1979)). "When a high-ranking official is removed from the daily subjects of the litigation, [and] has no unique personal knowledge of the facts at issue, a deposition of the official is improper." *Estate of Levingston v. Cty. of Kern*, 320 F.R.D. 520, 527 (E.D. Cal. 2017).

Sheriff Essick is the head of the Sheriff's Office for the County of Sonoma and, therefore, the apex doctrine applies. No depositions have yet been taken by Plaintiff in this matter so Sheriff Essick would be the first deposition. Defendants submit that before the Sheriff should ever be ordered to be deposed in this case, Plaintiff has to demonstrate that he has (1) unique first-hand, non-repetitive knowledge of the case; and (2) that Plaintiffs have exhausted other less intrusive discovery methods such as interrogatories or deposing other lower-level employees. *Ramirez v. Zimmerman*, 2019 U.S. Dist. LEXIS 81336, at *18 (S.D. Cal. 2019) (Plaintiffs' attempt to compel the deposition of the Sheriff was denied as Plaintiffs did not show the Sheriff had (1) unique first-hand, non-repetitive knowledge of the case; and (2) that they had exhausted other less intrusive discovery methods); *Anderson, supra* (Court denied Plaintiffs attempt to depose Sheriff after stating same two part standard); *Estate of Levingston v. Cty. of Kern*, 320 F.R.D. 520, 526 (E.D. Cal. 2017) (granted protective order preventing deposition of Sheriff per two part standard). Here, the deposition of Sheriff Essick is premature and Plaintiff cannot satisfy this two part standard. Additionally, written discovery is outstanding to Plaintiff and the County of Sonoma Defendants are entitled to determine the facts and evidence that Plaintiff is contending supports the Plaintiff's theories in the Complaint, prior to the deposition of any defense witness as well. It is clear that this deposition is premature at this point in this case and Plaintiff has other avenues that need to be explored before the Sheriff should be burdened with a deposition in this case, especially since the Sheriff, like other heads of various cities and counties, is dealing with pandemic related issues on a day to day basis as well.

Respectfully Submitted,

| *For Defendants*: | *For Plaintiff:* |
|---|---|
| **BERRY WILKINSON LAW GROUP** | **SCHWAIGER LAW FIRM** |
| By: /s/ *Alison Berry Wilkinson* <br>     Attorneys for Defendant <br>     Charles Blount | By: /s/ *Izaak D. Schwaiger* <br>     Attorneys for Plaintiff <br>     Estate of David Ward, et al. |

**MCNAMARA, NEY, BEATTY, SLATTERY**

By: /s/ *Noah G. Blechman*
    Attorneys for Defendant
    County of Sonoma,
    Mark Essick, and Jason Little

**ALLEN, GLAESSNER, HAZELWOOD**
    **& WERTH, LLP**

By: /s/ *Dale L. Allen*
    Attorneys for Defendant
    Andrew Bauer